```
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF SOUTH CAROLINA
                         FLORENCE DIVISION
```

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, Ph.D., et al., | ) Civil Action No.: 4:07-cv-3559-TLW-TER |
| Plaintiffs, | ) |
| -vs- | ) **REPORT AND RECOMMENDATION** |
| CITY OF MULLINS, et al., | ) |
| Defendants. | ) |

**I.      INTRODUCTION**

Plaintiffs, who are proceeding pro se in this action, assert numerous claims alleging numerous wrongs in relation to the alleged condemnation of property located in the City of Mullins, County of Marion, South Carolina. Presently before the Court are Plaintiffs' Motion for Preliminary Injunction (Document # 46) and Plaintiffs' Motion for Judgment as a Matter of Law (Document # 48).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. This Report and Recommendation is entered for review by the District Judge.

**III.    MOTION FOR PRELIMINARY INJUNCTION**

In their Motion, Plaintiff asserts generally that "African Americans in Marion County are still being deprived of the rights, privileges, immunities, and protection named in the Constitution of the United States for which they seek an injunction and restraining order." Plaintiff seeks an Order restraining and enjoining Defendants and their agents, servants, employees, and attorneys and "all

---

[1] Other motions are pending and will be addressed by separate Order or Report and Recommendation.

those in active concert or participation with" Defendants from enforcing Marion County Ordinances that are in violation of the 4th, 5th, and 14th Amendments of the United States Constitution and federal law, to include the Building Code of Marion County, the Building Code of the City of Mullins, the Marion County Trash Collection Ordinance Procedure Provision, and the Enforcement of Civil Bench Warrants.

"An injunction is a drastic remedy and will not issue unless there is an imminent threat of illegal action." Bloodgood v. Garranghty, 783 F.2d 470 (4th Cir.1986). "Injunction issues to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." Connecticut v. Massachusetts, 282 U.S. 660, 674, 51 S.Ct. 286, 75 L.Ed. 602 (1931). "[B]are allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur. The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future." Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C.Cir.1985).

To issue a preliminary injunction, this Court must consider the following four factors: (1) the likelihood of irreparable harm to the plaintiff if the court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of his underlying claim; and (4) the public interest. Blackwelder Furniture Co. v. Sielig Manuf. Co., 550 F.2d 189, 196 (4th Cir.1977).

Plaintiff has failed to present any evidence or make any argument regarding the likelihood of irreparable harm if the preliminary injunction is denied. However, Plaintiffs' request for an injunction is so broad that it would clearly harm both Defendants and the public interest. Issuing the injunction as requested by Plaintiff would prevent Defendants, as public entities and officers, from carrying out their official functions and duties in enforcing building codes, collecting the garbage and enforcing

bench warrants. Plaintiffs have also failed to present any evidence that they will likely succeed on the merits of this case. In sum, Plaintiffs have failed to meet their burden of establishing the four Blackwelder factors. As such, it is recommended that Plaintiff's Motion for a Preliminary Injunction be denied.

### III.    MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiffs move for judgment as a matter of law. Plaintiffs assert that certain documents produced by Defendants during discovery are not relevant to the issues in this case and that Defendants cannot establish the proper foundation for the documents. Plaintiffs object to the admission of such evidence. Rule 50(a), Fed.R.Civ.P., is entitled "Judgment as a Matter of Law" and provides, "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Rule 50(a) is clearly not applicable at this stage in the proceedings. Thus, it is recommended that Plaintiff's Motion for Judgment as a Matter of Law be denied.[2]

### IV.    CONCLUSION

For the reasons set forth above, it is recommended that Plaintiffs' Motion for Preliminary Injunction (Document # 46) be denied and their Motion for Judgment as a Matter of Law (Document # 48) be denied.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

---

[2] It is possible that Plaintiffs are attempting to file a Motion in Limine. If that is the case, Plaintiffs may refile such a motion at the appropriate time prior to trial.

February 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important information in the attached notice.**