IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Reverend Franklin C. Reaves, Ph.D., et al., )
)
        Plaintiffs, )
)
vs. )   Civil Action No.:4:07-3559-TLW-TER
)
City of Mullins, et al., )
)
        Defendants. )
_____)

# ORDER

On August 21, 2009, this Court entered an Order accepting Magistrate Judge Thomas E. Rogers, III's, Report and Recommendation, which granted the defendants' motions for summary judgment. (Doc. # 148). On August 31, 2009, the plaintiffs filed a "Motion to Reconsider Pursuant to Rule 59, FRCP and Local Rule 7.02(B)" (Doc. # 156). On September 09, 2009 the plaintiffs filed a "Motion to Amend Motion to Reconsider Pursuant to Rule 59, FRCP and Local Rule 7.02(B)." (Doc. # 157). Finally, the plaintiffs filed a "Motion to Amend the Amended Motion to Reconsider" on November 04, 2009. (Doc. # 163). The plaintiffs filed a "Motion for Evidentiary Hearing on the Validity of the Agreement between the City of Mullins and Marion County." on October 19, 2009. (Doc. # 162). The defendants filed responses in opposition to each of the plaintiffs' motions. (Docs. # 158, 159, 160, 164, 165, and 166).

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in

1

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the plaintiffs' motions and the defendants' responses. This Court has considered the arguments made in each of the plaintiffs' memoranda, and both of the plaintiffs' Motions to Amend its Motion to Reconsider are **GRANTED.** (Docs. # 157 and 163). The plaintiffs' second Motion to Amend cites Rule 59(a)(2) for relief. (Doc. # 157). Rule 59(a)(2) states what further action a court may take after a nonjury trial on a motion for a new trial. Since this case was decided on Summary Judgment there was no trial. Therefore, there can be no further action after a nonjury trial. Nevertheless, this Court has considered the arguments presented in the plaintiffs' memorandum for their relevance to a motion under Rule 59(e). The Court has carefully considered the arguments asserted in the parties' memoranda and reviewed the record in this case. After careful consideration of the relevant filings in this case, the Court concludes that

there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of August 21, 2009. (Doc. # 148). Therefore, the plaintiffs' "Motion to Reconsider Pursuant to Rule 59, FRCP and Local Rule 7.02(B)" is **DENIED**. (Doc. # 156). In addition, this Court finds no basis upon which to grant the plaintiffs' "Motion for Evidentiary Hearing on the Validity of the Agreement between the City of Mullins and Marion County" and the motion is **DENIED.** (Doc. # 162).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

December 11, 2009
Florence, South Carolina